UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

ANTHONY FRANCO,

                Plaintiff,

-against-

HYATT CORPORATION D/B/A HYATT TIMES SQUARE; NICOLE HALL,

                Defendants.

24-CV-1964 (LTS)

ORDER OF DISMISSAL
WITH LEAVE TO REPLEAD

---

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, who is appearing *pro se*, brings this action invoking the court's federal question jurisdiction. Named as Defendants are Hyatt Corporation d/b/a Hyatt Times Square ("Hyatt") and Nicole Hall. By order dated March 28, 2024, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees. For the reasons set forth below, the Court dismisses the complaint, but grants Plaintiff 30 days' leave to replead his claims in an amended complaint.

**STANDARD OF REVIEW**

The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470

F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

Rule 8 requires a complaint to include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

## BACKGROUND

Plaintiff brings this action using the court's general complaint form to which he attaches multiple documents. He checks the box on the form to invoke the court's federal question jurisdiction and, in response to the question asking which of his federal constitutional or federal statutory rights have been violated, Plaintiff writes, "The plaintiff Anthony Fran[c]o, a[] former steward at Hyatt Times Square Hotel engaged unwelcome sexual harassment and hostile environment." (ECF 1, at 2.)[1]

---

[1] Plaintiff writes using irregular capitalization. For readability, the Court uses standard capitalization when quoting from the complaint. All other spelling, grammar, and punctuation are as in the original unless otherwise indicated.

Plaintiff states that the events giving rise to his claims occurred at the Hyatt Times Square on December 28, 2013. Plaintiff alleges the following facts:

> Anthony Franco came in to work in 12/28/2013 around 2:15pm. Ms. Nicole Hall sent Mr. Franco to sort the trash out. Normally, Mr. Franco would be teamed up in groups of 3[.] However, Ms. Hall isolated him leading the trash to over flow and knocking Mr. Franco down[.] The next day when Mr. Franco returned back to work he received a lot of pain entering his way to the emergency room in King County Hospi[tal] and got treatment for left hip, thigh and back. The in[j]ury that occur was through sexual harassment as the letter's are main source of evidence.

(*Id.* at 5.)

Plaintiff describes his injuries as pain in his left hip, thigh, and back. He alleges that he also underwent surgery on his "spine and hip as on going treatment for his left thigh." (*Id.* at 6.)

Plaintiff seeks "more copastion[2] for his injuries and trauma through the sexual harassment" and hostile work environment. (*Id.*)

Plaintiff attaches to the complaint documents from a counseled action he filed against Defendants in the Supreme Court of the State of New York, County of New York, including what appears to be excerpts from a brief likely submitted by Plaintiff's counsel to the Appellate Division, First Department, and a decision from the Appellate Division. That action arose from Plaintiff's allegations that Hall made "repeated sexual advances" toward him and that she retaliated against him for filing complaints arising from her actions. (*Id.* at 46.)

The December 15, 2020 decision from the Appellate Division reversed the Supreme Court's granting of Defendants' motion for summary judgment. The Appellate Division held,

> Defendants failed to establish that they were entitled to summary dismissal of [P]laintiff's quid pro quo sexual harassment and hostile work environment claims under either the [New York] State or the [New York] City Human Rights Laws. They also failed to show that they were entitled to summary dismissal of [P]laintiff's claim of retaliation.

---

[2] Plaintiff may have meant "compensation."

3

(*Id.* at 44.)

Plaintiff also attaches to the complaint a "Progress Note" from a doctor related to his injury to his hip, leg, and back. (*See id.* at 49-54.) Like the complaint in this action, the Progress Note states that on December 28, 2013, Plaintiff experienced pain in his left hip as he was pushing a cart full of garbage. (*Id.* at 49.)

Plaintiff also attaches emails related to an attorney grievance he filed in the state courts against "Ms. Brown," who appears to have represented Plaintiff with respect to claims before the New York City Workers Compensation Board and in the above-referenced state court action.[3] (*See id.* at 55-56.)

## DISCUSSION

The subject matter jurisdiction of the federal district courts is limited and is set forth generally in 28 U.S.C. §§ 1331 and 1332. Under these statutes, a federal district court has jurisdiction only when a "federal question" is presented or when plaintiff and defendant are citizens of different states and the amount in controversy exceeds the sum or value of $75,000. "'[I]t is common ground that in our federal system of limited jurisdiction any party or the court *sua sponte*, at any stage of the proceedings, may raise the question of whether the court has subject matter jurisdiction.'" *United Food & Com. Workers Union, Loc. 919, AFL-CIO v. CenterMark Prop. Meriden Square, Inc.*, 30 F.3d 298, 301 (2d Cir. 1994) (quoting *Manway Constr. Co., Inc. v. Hous. Auth. of the City of Hartford*, 711 F.2d 501, 503 (2d Cir. 1983)); *see* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S.

---

[3] The Appellate Division's decision indicates that Plaintiff was represented in that proceeding by Tamara M. Harris from the Law Office of Tamara M. Harris. (*See id.* at 44.)

4

574, 583 (1999) ("[S]ubject-matter delineations must be policed by the courts on their own initiative.").

To invoke federal question jurisdiction, a plaintiff's claims must arise "under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. A case arises under federal law if the complaint "establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Bay Shore Union Free Sch. Dist. v. Kain*, 485 F.3d 730, 734-35 (2d Cir. 2007) (quoting *Empire Healthchoice Assur., Inc. v. McVeigh*, 547 U.S. 677, 690 (2006)). Mere invocation of federal jurisdiction, without any facts demonstrating a federal law claim, does not create federal subject matter jurisdiction. *See Nowak v. Ironworkers Local 6 Pension Fund*, 81 F.3d 1182, 1188-89 (2d Cir. 1996). Here, Plaintiff invokes the Court's federal question jurisdiction, but the allegations in the complaint suggest Plaintiff may be attempting to assert personal injury claims arising from injuries he sustained in 2013 while working at Hyatt Times Square. Personal injury claims generally arise under state law, and Plaintiff has not alleged facts suggesting a viable claim arising under federal law.[4] The Court therefore does not have federal question jurisdiction of this action.

Any personal injury claims Plaintiff seeks to bring would arise under state law, but he does not allege facts demonstrating that the Court has diversity of citizenship jurisdiction of his state law claims. To establish diversity of citizenship jurisdiction under 28 U.S.C. § 1332, a

---

[4] If, in bringing this action, Plaintiff is seeking to bring claims under any of the federal employment discrimination statutes, he may state that intention in an amended complaint, and allege facts suggesting a viable federal employment discrimination claim. At this time, the Court expresses no opinion as to whether any federal employment discrimination claims Plaintiff seeks to bring are barred by claim preclusion or *res judicata* based on his prior state court employment discrimination action, or whether any such claims are time-barred.

plaintiff must first allege that the plaintiff and the defendant are citizens of different states. *Wis. Dep't of Corr. v. Schacht*, 524 U.S. 381, 388 (1998). For diversity purposes, an individual is a citizen of the State where he or she is domiciled, which is defined as the place where a person "has his [or her] true fixed home . . . and to which, whenever he [or she] is absent, he [or she] has the intention of returning." *Palazzo ex rel. Delmage v. Corio*, 232 F.3d 38, 42 (2d Cir. 2000) (internal quotation marks and citation omitted). A corporation is a citizen "of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1); *see also Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010) (a corporation's principal place of business is its "nerve center," usually its main headquarters). In addition, the plaintiff must allege to a "reasonable probability" that the claim is in excess of the sum or value of $75,000.00, the statutory jurisdictional amount. *See* 28 U.S.C. § 1332(a); *Colavito v. N.Y. Organ Donor Network, Inc.*, 438 F.3d 214, 221 (2d Cir. 2006) (citation and internal quotation marks omitted).

Here, Plaintiff does not allege facts demonstrating that the Court has diversity of citizenship jurisdiction. He alleges that he is a resident of the State of New York, states that Hyatt is also in New York, and provides only a New York employment address for Hall. Plaintiff does not allege any facts regarding Hyatt's state of incorporation or the location of its corporate headquarters. He therefore does not sufficiently allege diversity of citizenship between the parties. Furthermore, it is unclear whether Plaintiff's claims satisfy the $75,000 jurisdictional minimum because he does not state the amount of damages he is seeking. Plaintiff therefore has not demonstrated that the Court has diversity of citizenship jurisdiction of any state law claims he may be asserting. The Court therefore dismisses the complaint for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

The Court grants Plaintiff leave to file an amended complaint alleging facts demonstrating that the Court has subject matter jurisdiction of his claims. If Plaintiff invokes federal question jurisdiction, he must allege facts suggesting a viable claim arising under the federal constitution or a federal statute. If Plaintiff invokes diversity of citizenship jurisdiction, he must allege facts demonstrating that the parties are citizens of different states and that his claims are worth in excess of the $75,000 jurisdictional threshold.

## LEAVE TO REPLEAD

Plaintiff proceeds in this matter without the benefit of an attorney. District courts generally should grant a self-represented plaintiff an opportunity to amend a complaint to cure its defects, unless amendment would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Indeed, the Second Circuit has cautioned that district courts "should not dismiss [a *pro se* complaint] without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (quoting *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999)). Because Plaintiff may be able to allege additional facts to demonstrate that the Court has subject matter jurisdiction of his claims, the Court grants Plaintiff 30 days' leave to amend his complaint to detail his claims.

## CONCLUSION

The Court dismisses the complaint, filed IFP under 28 U.S.C. § 1915(a)(1), for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

The Court grants Plaintiff 30 days' leave to replead his claims in an amended complaint.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Court directs the Clerk of Court to hold this matter open on the docket until a civil judgment is entered.

SO ORDERED.

Dated: April 29, 2024
       New York, New York

                                        /s/ Laura Taylor Swain
                                        LAURA TAYLOR SWAIN
                                        Chief United States District Judge