UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ANTHONY FRANCO,

               Plaintiff,

-against-

HYATT CORPORATION D/B/A HYATT TIMES SQUARE; NICOLE HALL,

               Defendants.

24-CV-1964 (LTS)

SECOND ORDER OF DISMISSAL

LAURA TAYLOR SWAIN, Chief United States District Judge:

       Plaintiff brings this action *pro se* and *in forma pauperis*. By order dated April 29, 2024, the Court dismissed the complaint for lack of subject matter jurisdiction, and granted Plaintiff permission to replead his claims in an amended complaint. (ECF 5.) On May 14, 2024, Plaintiff filed an amended complaint in which he attempted to assert federal employment discrimination claims under Title VII of the Civil Rights Act of 1964. (ECF 6.) By order dated August 19, 2024, the Court directed Plaintiff to show cause why the amended complaint should not be dismissed as time-barred. (ECF 7.) In its order, the Court noted that the events giving rise to Plaintiff's claims occurred in 2013 and 2014 and that Plaintiff did not allege that he filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") within 300 days of the alleged discrimination or, if he did file a charge with the EEOC, that he filed the complaint in this action within 90 days of receiving a Notice of Right to Sue from the EEOC. On September 5, 2024, Plaintiff filed a declaration (ECF 8), which the Court has reviewed. For the reasons set forth below the Court dismisses this action for failure to state a claim on which relief may be granted because it is time-barred.

## DISCUSSION

A.    **Timeliness of Plaintiff's Title VII claims**

In his declaration, Plaintiff alleges,

> The attorney said we are going to file an appeal after the hearing and they did not file it on my behalf. After waiting an extended period of time, I visited the court to see when my trial was on the calendar and I was informed that there was never an appeal filed. The county clerk gave me the form to fill out to file the appeal. Once I filled the form out, the clerk submitted the appeal. I know I am over my head and I am sorry to say it blunt the the [sic] attorneys that were over my case never sought my best interest and only looked out for the own interest.

(ECF 8, at 1-2.)

The allegations Plaintiff sets forth in his declaration, which may relate to a state court action he previously filed arising from the same events, do not demonstrate that Plaintiff filed a charge of discrimination with the EEOC within 300 days of the alleged discrimination or that he filed this action within 90 days of receiving a Notice of Right to Sue from the EEOC.

Plaintiff's claims are therefore time-barred, and the Court dismisses this action for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii); *Jones v. Bock*, 549 U.S. 199, 215 (2007) (a complaint that "show[s] that relief is barred by the applicable statute of limitations" is "subject to dismissal for failure to state a claim"); *Akassy v. Hardy*, 887 F.3d 91, 95 (2d Cir. 2018) (same).

B.    **State law claims**

A district court may decline to exercise supplemental jurisdiction of state law claims when it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). Generally, "when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988)). Having dismissed the federal claims of which the Court has original jurisdiction, the Court declines to exercise its

supplemental jurisdiction of any state law claims Plaintiff may be asserting. *See Kolari v. New York-Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006) ("Subsection (c) of § 1367 'confirms the discretionary nature of supplemental jurisdiction by enumerating the circumstances in which district courts can refuse its exercise.'" (quoting *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 173 (1997))).

**C.     Further leave to amend is denied**

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the defects in Plaintiff's complaint cannot be cured with an amendment, the Court declines to grant Plaintiff leave to amend his complaint.

## CONCLUSION

Plaintiff's complaint, filed *in forma pauperis* under 28 U.S.C. § 1915(a)(1), is dismissed for failure to state a claim on which relief may be granted because it is time-barred. *See* 28 U.S.C. § 1915(e)(2)(B)(ii); *Jones v. Bock*, 549 U.S. 199, 215 (2007) (a complaint that "show[s] that relief is barred by the applicable statute of limitations" is "subject to dismissal for failure to state a claim"); *Akassy v. Hardy*, 887 F.3d 91, 95 (2d Cir. 2018) (same).

The Court declines to exercise supplemental jurisdiction of any state law claims Plaintiff may be asserting. *See* 28 U.S.C. § 1367(c)(3).

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Court directs the Clerk of Court to enter judgment for the reasons stated in this order.

SO ORDERED.

Dated:  September 30, 2024
        New York, New York

                                  /s/ Laura Taylor Swain
                                  LAURA TAYLOR SWAIN
                                  Chief United States District Judge